**UNITED AIR LINES, INC., Plaintiff,**

v.

**Joshua Gregory ALLEN a/k/a Joshua Gregory a/k/a Allen Gregory agent of Gregory Joshua a/k/a Joshua Allen and Omar Safar Halabi a/k/a Omar Safar, Defendants.**

**Civil Action No. 09–10394–NMG.**

United States District Court,
D. Massachusetts.

April 24, 2009.

S.)

Robert E. Ditzion, Todd S. Heyman, Shapiro, Haber & Urmy, LLP, Boston, MA, for Defendants.

Gina L. Durham, DLA Piper LLP, Chicago, IL, Matthew J. Iverson, DLA Piper Rudnick Gray Cary U.S. LLP, Boston, MA, for Plaintiffs.

### MEMORANDUM & ORDER

GORTON, District Judge.

On March 13, 2009, plaintiff United Airlines, Inc. ("United") filed an *ex parte* motion to file under seal a complaint against defendants Joshua Gregory Allen (a/k/a Joshua Gregory a/k/a Allen Gregory agent of Gregory Joshua a/k/a Joshua Allen) and Omar Safar Halabi (a/k/a Omar Safar) (collectively, "the defendants"). The complaint describes in detail, pursuant to the requirements of Fed.R.Civ.P. 9(b), an alleged scheme to defraud United of its right to payment for airline tickets and to make unauthorized use of United's name.

United argues that anyone who reads the complaint would be able to use the information contained therein to carry out a copy-cat scheme. Therefore, it seeks to protect that information from public disclosure by filing its complaint under seal. In the alternative, if the motion to seal is denied, United requests that the complaint be returned to counsel.

### I. *Background*

The complaint contains the following allegations. United is one of the largest international air transportation carriers based in the United States. It has obtained numerous service mark registrations and has developed substantial good will under its mark and name. As part of its business, United engages in a practice of awarding vouchers for free plane tickets (or for credit toward future ticket purchases) to those passengers who volunteer to give up their reservations on overbooked flights. The vouchers are void if sold, bartered or mutilated but are transferable if the holder personally presents the voucher in exchange for a ticket for the transferee.

The defendants allegedly took advantage of United's voucher practice by fraudulent and sophisticated means and by the unauthorized use of the United mark. Thus, the defendants have caused reservations to be booked on United flights using void flight vouchers. They allegedly repeated their scheme more than 100 times at a cost to United of well in excess of $75,000.

## II. *Legal Analysis*

### A. Legal Standard

■ There is a well-established presumption that the public has a right of access to judicial documents such as civil complaints. *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 9–10 (1st Cir.1998). When a party requests that such a document be sealed, a court, using its discretion, "must carefully balance the competing interests that are at stake in the particular case." *Id.* at 10.

Citing *Ares–Serono, Inc. v. Organon Intern. B.V.*, 151 F.R.D. 215, 219–20 (D.Mass.1993), United argues that potentially damaging commercial information may be protected from public disclosure upon a showing of good cause. That case is not entirely on point, however, because there the Court was considering a protective order pursuant to Fed.R.Civ.P. 26(c)(7) (now codified at Fed.R.Civ.P. 26(c)(1)(G)), not a motion to seal. Moreover, it appears that United's concern is not entirely related to its commercial information. Any passenger who has traveled on an over-booked United flight or read United's Contact of Carriage would be aware of United's voucher practice. Presumably, then, United is concerned about the defendants' *abuse* of the commercial information related to its voucher practice.

### B. Application

■ United has a valid concern with respect to protecting its ability to enforce its rights against alleged defrauders who would profit from the illegal use of its name, without fear of educating others who would do the same. Indeed, because United has requested the return of its complaint if its motion to seal is denied, it may prefer not to sue defendants at all rather than expose itself to future attack. Surely the public's right of access to court papers does not outweigh United's right to protect itself against negative financial repercussions.

Nevertheless, protecting United against future fraud does not necessitate sealing the entire complaint but rather only the specific details of the defendants' scheme. There appears to be no reason why general information about the parties, jurisdiction, venue, the voucher program and the nature of the offenses alleged in each count should be concealed.

Accordingly, United will not be permitted to file under seal the entire complaint the substance of which can be described without jeopardizing its financial and economic interests. For instance, the Court perceives that the allegations set forth in ¶¶ 1–20, 32–41 and 46–50 of the original complaint can (with perhaps some modification) be stated in an open, amended complaint while other allegations are stated in an addendum which will be sealed.

### ORDER

In accordance with the foregoing, the plaintiff's motion to file its complaint under seal (Docket No. 2) is **ALLOWED,** in part, and **DENIED,** in part. The plaintiff shall retrieve its complaint and other related pleadings (currently filed under seal) from the Clerk's Office on or before Friday, May 8, 2009, and retain them. If the plaintiff wishes to pursue its claim, it will file an amended complaint (and an accompanying addendum to be filed under seal if necessary) in compliance with the above memorandum on or before May 15, 2009.

**So ordered.**